IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG HILL, ) | |
|       Petitioner, ) | |
| v. ) | |
| ) | |
| JAY CASSADY, as Warden, Jefferson City ) | |
| Correctional Center, ) | |
| ) | Cause No. |
| and ) | |
| ) | |
| The Attorney General of the State of ) | |
| Missouri, ) | |
|       Respondents. ) | |
| _____) | |

**Name:**     Craig Hill

**Inmate No.:**  1183821

**Place of Confinement**: Jefferson City Correctional Center, 8200 No More Victims Road, Jefferson City, MO 65101

**PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254**

COMES NOW Craig Hill, an inmate at the Jefferson City Correctional Center, under a sentence of life in prison without the possibility of parole, by and through counsel, and pursuant to 28 USC §2254, files this motion challenging his convictions and sentences and states as follows:

**1. (a) Name and location of Court which entered the judgment of conviction your are challenging:** Circuit Court for the City of St. Louis, State of Missouri in St. Louis, Missouri

   **(b) Criminal docket or case number:** 22051-02240-01

**2. (a) Date of the judgment of conviction:** Jury verdict on September 5, 2008 and judgment entered on December 11, 2008.

1

   **(b) Date of sentencing:** December 11, 20011.

**3. Length of sentence:** One term of life imprisonment without probation or parole concurrent to five life sentences with the possibility of parole.

**4. Nature of crime (all counts):** Count I, murder in the first degree in violation of §565.020 RSMo; Counts II and V, assault-first degree in violation of §565.050 RSMo, and Counts II, IV and VI, armed criminal action in violation of §571.015 RSMo.

**5. (a) What was your plea?** Not guilty.

   **(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?** N/A

**6. If you went to trial, what kind of trial did you have?** Jury.

**7. Did you testify at a pretrial hearing, trial or post-trial hearing?** Petitioner did not testify at trial but did testify via deposition at the post-conviction evidentiary hearing.

**8. Did you appeal from the judgment of conviction?** Yes.

**9. If you did appeal, answer the following:**

   **(a) Name of court:** Missouri Court of Appeals, Eastern District

   **(b) Docket or case number:** ED92433.

   **(c) Result:** Convictions affirmed, per curium Order Opinion.

   **(d) Date of result:** Opinion issued March 9, 2010, mandate issued April 1, 2010.

   **(e) Citation to the case:** 330 S.W.3d 503 (Mo. App. ED 2010).

   **(f) Grounds raised:** That the trial court erred in (1) denying Hill's motion to suppress identification and in allowing evidence regarding pre-trial and in-court identifications that were the result of an impermissibly suggestive line-up; and (2) allowing the prosecutor to state during

closing argument that the evidence was "uncontradicted" and "uncontroverted" in attempt to comment on Hill's failure to testify.

   **(g) Did you seek further review by a higher state court?** No.

   **(h) Did you file a petition for certiorari in the United States Supreme Court?** No.

**10. Other than the direct appeals listed above, have you previously filed any other motions, petitions or applications concerning this judgment of conviction in any state court?** Yes.

**11.** If you're answer to Question 10 was "Yes," give the following information:

   **(a)**   **(1) Name of Court**: Circuit Court for the City of St. Louis, State of Missouri

   **(2) Case number:** 1022-CC10017.

   **(3) Date of filing:** June 28, 2010.

   **(4) Nature of the proceedings:** Petition for post-conviction relief under Missouri Supreme Court Rule 29.15.

   **(5) Grounds raised:** (1) Hill was erroneously found to be a prior offender; (2) trial counsel was ineffective in failing to interview and call alibi witnesses Josephine, Anthony and Courtney Woods; (3) trial counsel was ineffective in advising and/or refusing to allow Hill to testify in his own defense; (4) trial counsel was ineffective in failing to object to Instructions 6 and 7 relating to first degree murder; (5) trial counsel was ineffective in failing to investigate and call witnesses Mary Hill, Rochelle Smith, Adrian Hill and Kristen Hill; (6) trial counsel was ineffective in failing to object to the Circuit Court's response to a jury question regarding the instructions; (7) trial counsel was ineffective in failing to object to the Court sustaining strikes for cause based on arrest records and statements regarding sentencing; and (8) appellate counsel was ineffective in failing to raise error regarding Instructions 6 and 7.

   **(6) Did you receive a hearing where evidence was given on your petition?** Yes.

**(7) Result:** Hill was granted relief regarding Claim (1) that the judgment and sentence form improperly designated him as a "prior offender." All other claims were denied.

**(8) Date of Result:** April 4, 2012.

**(b) and (c)** N/A

**(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application or motion?** No.

**(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not.** Hill appealed the Circuit Court's denial of his 29.15 Motion to the Missouri Court of Appeals, Eastern District in Cause ED98453. The mandate affirming the Circuit Court's Judgment was issued on May 1, 2013. Petitioner is uncertain why appointed counsel did not apply for transfer to the Missouri Supreme Court.

**12. Grounds for Relief:**

**CLAIM ONE**: Hill's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution was violated when the trial court overruled his Motions for Judgment of Acquittal, failed to grant his Motion for New Trial, and in entering his judgment and sentence in that Hill is actually innocent of the crimes charged. Hill's trial, appellate and post-conviction counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution in that they failed to present evidence through the testimony of witnesses, including but not limited to, Mary Hill, Adrian Hill, Dana Merriweather, and Rochelle Smith, as well as alibi witnesses Josephine, Anthony and Courtney Woods, and the testimony of Craig Hill, that would have demonstrated Hill's actual innocence. (Exhibits 1-4, Affidavits).

During the night of the shooting Hill was at the Woods' residence. At least four people who knew Craig Hill were present in the area around the shooting and did not see him. (Exhibits 1-4). There was no physical evidence linking Hill to the crimes charged. Hill was identified by several people as being the shooter, but their identifications were inconsistent, were impeached, and were the product of an impermissibly suggestive out-of-court identification procedure. Craig Hill was wrongfully convicted of the charges and is actually innocent in that he did not perpetrate a shooting.

Hill's claims regarding failure to call witnesses, investigate alibi, and failure to present his testimony were raised in his 29.15 Motion in the City of St. Louis Circuit Court (1022-CC10017)(Order, Exhibit 6) and appeal from the denial of that motion in the Missouri Court of Appeals (ED98453) (Order, Exhibit 7). Claims related to improper identification were raised on direct appeal. (ED92433)(Order, Exhibit 8).

**CLAIM TWO**: Hill's counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments in failing to investigate and call his alibi witnesses to testify on his behalf. Hill told officers after his arrest that he was at the Woods' residence. He informed his trial counsel about the existence of his alibi witnesses and trial counsel endorsed the alibi. However, trial counsel failed to call the witnesses at trial. Had Hill's alibi witnesses been presented at trial the results of the proceeding would have been different and Hill would not have been prejudiced.

Hill's claims regarding alibi witnesses were raised in his 29.15 Motion in the Circuit Court for the City of St. Louis (1022-CC10017) and in appeal from denial of that motion in the Missouri Court of Appeals (ED98453). Hill's claims regarding ineffective assistance of counsel

were not raised on direct appeal (ED92433) as they are not cognizable in that proceeding under Missouri law.

**CLAIM THREE**: Hill's trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments in asserting that Hill should not testify at trial in his own defense. Hill had a defense of actual innocence and alibi.  Hill had given the police his alibi and statement shortly after his arrest. He had no prior convictions.  Hill was a necessary witness in his own defense to establish that he was not in fact the shooter.  Hill wanted to testify in his own defense and trial counsel refused.  It was unreasonable strategy to encourage Hill not to testify as he was crucial for the defense of his case. Had Hill been permitted to testify that result in his case would have been different and he would not have suffered prejudice.

Hill's claim relating to trial counsel's failure to have him testify at trial was raised in his 29.15 Motion in the Circuit Court for the City of St. Louis (1022-CC10017) and after denial of that Motion in the Court of Appeals (ED98453). Hill's claims regarding ineffective assistance of counsel were not raised on direct appeal (ED92433) as they are not cognizable in that proceeding under Missouri law.

**CLAIM FOUR**:  Hill's trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments in failing to object to the submission of jury instruction 7 (first degree murder with transferred intent). Jury Instructions 7 submitted murder in the first degree as an alternative to the murder in the first degree as submitted in Instruction 6.  Hill was charged via Indictment with murder in the first degree by shooting after deliberation. The State submitted Instruction 6 that tracked the language in the Indictment.  However, the State also submitted Instruction 7 as charged in the alternative murder in the first degree that included transferred intent. As Hill was not ever charged or arraigned on murder in the first degree with transferred

intent, the submission of Instruction 7 constituted an impermissible variance from the Indictment and Hill had insufficient notice in which to prepare his defense. Appellant counsel further failed to brief this issue on direct appeal.

Hill's claim relating to trial counsel's failure object and appellate counsel's failure to brief were raised in Hill's 29.15 Motion in the Circuit Court for the City of St. Louis (1022-CC10017) and were not further briefed on appeal by appointed counsel (ED98453). Hill's claims regarding ineffective assistance of counsel were not raised on direct appeal (ED92433) as they are not cognizable in that proceeding under Missouri law.

**CLAIM FIVE**: Hill was denied due process of law and a fair trial in violation of the Fifth and Fourteenth Amendments to the United States Constitution in that the court failed to suppress the in and out of court identification of Hill by Erica Alexander and Sabrina Chase. The identification of Hill was impermissibly tainted and suggestive in that two of the people in the lineup were a foot taller than Hill and the fifth had different hairstyle.

Hill's claims relating to the trial court's failure to suppress identification were briefed on direct appeal (ED92433) and were not the proper subject matter of a post-conviction proceeding and so were not raised in the 29.15 Motion.

**CLAIM SIX**: Hill's counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendment in failing to investigate and impeach Jason Holman with his prior conviction for driving while suspended, Class B State misdemeanor, for which he received a two-day sentence of incarceration.  (See casenet record, attached hereto as Exhibit 5).  Mr. Holman responded to the prosecuting attorney's question at trial regarding convictions that he had one conviction for "CCW."  He did not also state that he had a conviction for driving while suspended.  Trial counsel failed to investigate and impeach Mr. Holman with his conviction that

showed his disregard for the justice system and would have undermined his credibility.  Mr. Holman was a crucial witness to the State regarding the events and identification of Hill and trial counsel failed to take reasonable steps to impeach him.  Had trial counsel investigated Mr. Holman's criminal record and impeached him with it, the outcome of the case would have been different.

Hill's claim was not raised in his post-conviction Motion as a confined pro-se litigant Hill has no access whatsoever to criminal justice records and was unaware of the conviction nor was he able to discover it. Hill's appointed post-conviction counsel failed to raise the issue in the Amended post-conviction motion and on the appeal from that Motion.  Hill asserts that post-conviction counsel was ineffective in failing to raise and brief the issue and that post-conviction counsel's failure fell below the standard of care for a reasonable lawyer in similar circumstances in violation of Hill's rights under the Sixth and Fourteenth Amendment.

**CLAIM SEVEN**: Hill's counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments cumulatively. Even if the errors alleged in Hill's petition are not individually sufficient to justify relief, their cumulative effect is so prejudicial as to require habeas relief.  Hill's counsel failed to present sufficient evidence to support Hill's claim of innocence, including his alibi and scene witnesses, failed to allow him to testify, and failed to object to submission of murder first degree in Instruction 7 that was an impermissible variance from the crime charged.

Hill's claim of ineffective assistance of counsel cumulatively was not raised by appointed post-conviction counsel either in Hill's Amended post-conviction motion or in the appeal therefrom.  Hill asserts that post-conviction counsel was ineffective in failing to raise and brief the issue and that post-conviction counsel's failure fell below the standard of care for a

8

reasonable lawyer in similar circumstances in violation of Hill's rights under the Sixth and Fourteenth Amendments.

**13. (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?** No.

**If your answer is "No," state which grounds have not been presented and give your reason(s) for not presenting them:** Neither Hill's direct appellate attorney nor post-conviction appellate attorney filed a Petition to Transfer to the Missouri Supreme Court. Hill is unaware as to why such a Petition for Transfer was not filed on his behalf.

**(b) Is there any ground in this petition that has not been presented in some state of federal court? If so, which ground or grounds have not been presented and state your reasons for not presenting them**: Hill has not previously presented Claim 6 regarding Mr. Holman's prior conviction to any court.  Hill has not previously presented the claim because he was unaware of it.  Hill asserts that he received ineffective assistance of post-conviction counsel as a result of counsel's failure to previously raise it.

Hill has not previously presented Claim 7 regarding cumulative ineffective assistance of counsel to any court.  Hill is not aware as to why post-conviction counsel did not present this claim and asserts that he received ineffective assistance of post-conviction counsel as a result.

**14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?** No.

**15. Do you have any petition or appeal now pending in any court, either state or federal, for the judgment you are challenging?** No.

**16. Give the names and addresses, if known, of each attorney who represented you in the following stages of the convictions you are challenging:**

**(a) At the preliminary hearing:** N/A

**(b) At the arraignment and plea:** Mr. Terence Niehoff, Attorney at Law, 2734 Lafayette Ave., St. Louis, MO 63104;

**(c) At the trial:** Mr. Terence Niehoff, Attorney at Law, 2734 Lafayette Ave., St. Louis, MO 63104 and Mr. Jeffrey Goldfarb, Attorney at Law, 222 S. Meramec, Ste 300, Clayton, MO 63105;

**(d) At sentencing:** Mr. Terence Niehoff, Attorney at Law, 2734 Lafayette Ave., St. Louis, MO, 63104;

**(e) On direct appeal:** Ms. Lisa Stroup, Assistant Public Defender, 1010 Market Street, Ste 1100, St. Louis, MO 63101;

**(f) In any post-conviction proceeding:** Ms. Jessica Hathaway, Assistant Public Defender, 1010 Market Street, Ste 1100, St. Louis, MO 63101;

**(g) On appeal from any ruling against you in a post-conviction proceeding:** Ms. Jessica Hathaway, Assistant Public Defender, 1010 Market Street, Ste 1100, St. Louis, MO 63101.

**17.  Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?** No.

**18. If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §2244(d) does not bar your petition.**  §2224 U.S.C. §2244(d)(1) and (2) allow for the filing of this Petition after the conclusion of direct review or the expiration of the time for seeking such review and after the tolling of time during the period when Hill's properly pending 29.15 post-conviction petition and appeal were pending. Hill also has pleaded a claim of actual innocence.

**19.     Hill requests an evidentiary hearing on all of his claims for relief.**

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Hill respectfully requests (1) that the respondent be required to appear and answer the allegations in this motion; (2) that Hill be afforded reasonable discovery and an evidentiary hearing on the allegations contained in this motion; (3) that after a full and fair hearing, Hill be discharged from his unlawful convictions and sentences; and (4) that Hill be granted such other and further relief as he is entitled to receive under law.

Respectfully submitted,

_/s/__Kim Freter_____
Kim Freter MO#47777
Attorney for Petitioner Craig Hill
225 S. Meramec, Ste 301
Clayton MO 63105
Phone (314) 721-6565
Fax    (314) 269-1042
kim@freterlaw.com

## VERIFICATION

I, Kim Freter, as attorney for Petitioner Craig Hill, do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Petitioner Craig Hill is incarcerated in the Jefferson City Correctional Center and is currently in "administrative segregation." Due to these conditions and time constraints, Mr. Hill unable to sign this Petition personally. Counsel has conferred via telephone with Petitioner who has verified and approved the content of this Petition.

Executed on May 1, 2014:            _/s/__Kim Freter_____

## CERTIFICATE OF SERVICE

      I hereby certify that on the _1st___ day of May 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                    _/s/__Kim Freter_____